**THE LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC**
**Attorneys at Law**
**15 Maiden Lane, Suite 803**
**New York, New York 10038**
**(212) 629-7575**
**Direct Dial (646) 490-9690**
**Facsimile (646) 863-4248**
*karigby@karigbylaw.com*

June 25, 2021

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18A
New York, New York 10007

    Re:    *Richard Sheerin v. Tutor Perini Corporation and Tutor Perini Building Corp. and Third-Party Action Versus Imperial Ironworks, Inc.*
            Case No. 1:18-cv-07952-ALC-SLC
            Letter Motion To Compel Compliance With Expert Discovery

Dear Judge Cave:

    Good Afternoon. As the Court knows, this office represents defendants/third-party plaintiffs, Tutor Perini Corporation and Tutor Perini Building Corp., in the above-referenced matter. In accordance with the Court conference of May 27, 2021 and resulting Order, this is a letter motion requesting that the Court direct/compel compliance with its Order of May 27, 2021; that the Court direct that plaintiff serve compliant expert witness notices for Dr. Joel Buchalter and Dr. Ezriel Kornel, including a narrative report with the elements required under FRCP Rule 26(a)(2)(B)(i) – (vi); that the Court direct compliance by Dr. Buchalter with a subpoena served on him on June 1, 2021 which required him to produce, amongst other things, copies of the radiological films and reports he will rely on to support his opinions at trial and/or that the Court, otherwise, preclude any testimony by Dr. Buchalter; and that the Court, accordingly, extend the time for determination by defendants' counsels as to the necessity of expert deposition from Dr. Buchalter after his production of the information required by the June 1, 2021 subpoena served on him.

## THE COURT CONFERENCE

    On May 27, 2021, this Court held a status conference, as a result of which the Court directed, amongst other things, that plaintiff's counsel was to serve by June 11, 2021 expert

witness notices compliant with FRCP Rule 26 (a)(2)(B) (i) – (vi) and that the undersigned was authorized to serve subpoenas on plaintiff's medical experts for radiological films and records they would be relying on trial so that Tutor Perini's radiological expert could review same and, further, to facilitate the possibility that expert witness depositions of plaintiff's experts would thereby prove unnecessary.

## THE EXPERT NOTICES

On June 10, 2021, plaintiff served two notices of expert witnesses for, respectively, Dr. Joel Buchalter and Dr. Ezriel Kornel, copies of which are included separately from this letter motion as Exhibits 1 and 2 on the ECF. It is clear these notices do not comply with the requirements of FRCP 26 (a)(2)(B) (i) – (vi) in that they fail to include the required expert report containing the elements in (i) – (vi), constituting no more than a document dump of information, medical and doctor's reports already exchanged during discovery but, hardly, amounting to compliance with the Federal rules requirements for experts under FRCP Rule 26(a)(2)(B) or any other provision under Rule 26.

## SUBPOENAS SERVED ON PLAINTIFF'S EXPERTS

Further, in compliance with the Court's relevant Order, subpoenas were served on June 1, 2021 on Dr. Buchalter and Dr. Kornel, returnable June 16, 2021. Copies of those subpoenas are attached as Exhibits 3 and 4, the key provisions of which required the expert physicians to produce all radiological films and reports they would rely on at trial to support their opinions and conclusions. Dr. Kornel it appears has complied with the subpoena by producing on or about June 16 what appears to be all radiological reports in his or his office's possession and production on or about June 23 of two computer disks containing six separate radiological studies/films. To date, Dr. Buchalter has not complied at all with the subpoena served on him.

Telephone conversations initiated by the undersigned on the afternoon of June 16, 2021 with Dr. Kornel himself and with Dr. Buchalter's relevant office staff confirmed both had been served and confirmed that the two subpoenas had not been complied with as of June 16. Further, it was agreed during both calls that both expert physicians would endeavor to immediately comply with item #4 in the respective subpoenas- the request for all radiological films and radiological reports that each doctor would rely on at trial. Both Dr. Kornel himself and Dr. Buchalter's staffs also confirmed they had access to those films and reports in item #4 of their respective subpoenas and that compliance would be immediate. To date, Dr. Buckhalter has not complied at all with the subpoena served on him.

## COMPLIANCE WITH INDIVIDUAL PART PRACTICES

Since compliance with the referenced subpoenas was not made as of June 18, the undersigned contacted Joseph Gorczyca by phone in the morning of June 21 and left a detailed message of the above and that we needed to discuss compliance. I received a text from Mr. Gorczyca advising he was in a court conference and asking if he could call me later. A call from Mr. Gorczyca never came that day. On Tuesday June 22 I again called Mr. Gorczyca at about 10:10am and a discussion ensued for 10 minutes about all of the above issues and that if the narrative report with elements (i) – (vi) was not forthcoming that I would likely have to move to compel production of same and move to depose his experts as required under the Federal Rules. Mr. Gorczyca asked for "24 hours to consider the issues and to confer with the doctors" and that he would call me back on Wednesday, which I agreed to. A return call was never made by Mr. Gorczyca up to the writing of this letter motion but an email was received at about 11:34am this morning, June 25, now advising that "[i]f you would like to take depositions of my experts, that is your prerogative. My disclosures comply with the requirements of FRCP and FRE…" Hence, any further attempt to discuss and/or resolve these issues would be futile and the intervention of this Court is necessary.

The issues raised in this letter were discussed in full with Richard Berne on June 21 while he was away from the office and in transit and Mr. Berne agreed with the undersigned that plaintiff's expert notices were not compliant with the FRCP and that the mandated report with required elements must be provided in order to comply with FRCP Rule 26 and to avoid the need for expert depositions.

Hence, it is hereby, requested that this Court convene a conference to address the issues raised in this latter early next week, June 30 being the only day at the moment where the undersigned will not be available.

Respectfully submitted,

*kenneth rigby*
Kenneth Arthur Rigby, Esq.

**VIA ECF**

Joseph Gorczyca, Esq.
*jgorczycka@mldlegal.com*

Richard Berne, Esq.
Kelechi Ajoku, Esq.
*Richard.Berne@lawbbh.com,*
*kelechi.ajoku@lawbbh.com*

---

Defendants' Letter-Motion for a discovery conference (ECF No. 68) is GRANTED. A telephone conference is scheduled for **Thursday, July 1, 2021 at 2:00 pm** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. Per the Court's Individual Practices, any response to Defendants' Letter-Motion shall be filed by **June 30, 2021**.

The Clerk of Court is respectfully directed to close ECF No. 68.

SO ORDERED     6/28/2021

_____
SARAH L. CAVE
United States Magistrate Judge